

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>(212) 839 5300<br>(212) 839 5599 FAX | BEIJING         LOS ANGELES<br>BRUSSELS     NEW YORK<br>CHICAGO      SAN FRANCISCO<br>DALLAS          SHANGHAI<br>FRANKFURT  SINGAPORE<br>GENEVA         SYDNEY<br>HONG KONG TOKYO<br>LONDON         WASHINGTON, D.C. |
| jmitnick@sidley.com<br>212-839-5871 | FOUNDED 1866 |

February 4, 2008

**By Facsimile and ECF**

The Honorable James Orenstein
United States Magistrate Judge
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  In re Vitamin C Antitrust Litigation, No. 06 MD 1738 (DGT) (JO)

Dear Magistrate Judge Orenstein:

      On behalf of the Ministry of Commerce ("Ministry") of the People's Republic of China ("PRC"), I respectfully submit this letter in response to the Court's Order of January 22, 2008 inviting the Ministry to submit a letter regarding the extent to which it might use its good offices to facilitate the deposition of witnesses in this case.

      I am informed by the Ministry that, like the United States, China divides responsibilities for various functions among different branches of its government and various provinces have exclusive authority over certain functions. The issuance of travel permits implicates these divisions, and there is nothing the Ministry can do to facilitate the issuance of travel permits or to expedite that process.

      Having been invited to address the Court on an issue relating to depositions, the Ministry respectfully wishes to reiterate the strong view of the Chinese government that this case should not proceed for the reasons that have been stated to the Court in the Ministry's earlier submission. The Ministry is mindful that Your Honor will not be ruling on the defendants' motion to dismiss. However, having submitted its official views to this Court, through the mechanism of an amicus brief, that the conduct here alleged to violate US antitrust law was compelled by the government of China for reasons of national economic policy, the Ministry would hope that in the interest of comity the Court would take into consideration the views of a foreign sovereign in considering the discovery burdens being imposed on that foreign sovereign's citizens during the pendency of the motion. The Ministry would respectfully offer its



The Honorable James Orenstein
February 4, 2008
Page 2

view and suggestion that, until such time as the issues raised by the defendants and the Ministry have been able to be finally resolved, further proceedings, and most specifically depositions, not be taken in the litigation.

The Ministry thanks the Court for consideration of its views and for the opportunity to be heard with regard to this issue.

Respectfully submitted,

Joel M. Mitnick
Counsel for the Ministry of Commerce of
the People's Republic of China

cc:  Liaison Counsels by Email