UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
:
IN RE VITAMIN C ANTITRUST                : MASTER FILE
LITIGATION                               : 06-MD-1738 (BMC) (JO)
                                         :
-------------------------------------------------------------  : <u>ORDER</u>
                                         :
This document relates to:                :
ALL CASES                                :
                                         :
-------------------------------------------------------------X

This case is before the Court on Direct and Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlements with Defendant Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland"), dated May 21, 2012. Defendant Aland entered into a settlement agreement with the Certified Classes ("Certified Classes Settlement Agreement"), and with the Indirect Purchaser Damages Class ("Indirect Purchaser Damages Class Settlement Agreement"). The Court, having reviewed the motion, its accompanying memorandum, and the settlement agreements, hereby:

**ORDERS AND ADJUDGES:**

1. Terms used in this Order that are defined in the settlement agreements are, unless otherwise defined herein, used in this Order as defined in the settlement agreements.

<u>Preliminary Approval of Certified Classes Settlement Agreement</u>

2. The terms of the Certified Classes Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Certified Classes, subject to the Fairness Hearing described below. The Court finds that the Certified Classes Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Certified Classes

Settlement Agreement should be given as provided in this Order.

### Preliminary Approval of Indirect Purchaser Damages Settlement Agreement

3. The terms of the Indirect Purchaser Damages Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Indirect Purchaser Damages Settlement Class, subject to the Fairness Hearing described below. The Court finds that the Indirect Purchaser Damages Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Indirect Purchaser Damages Settlement Agreement should be given as provided in this Order.

### Class Certification of Indirect Purchaser Damages Class

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Indirect Purchaser Damages Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Indirect Purchaser Damages Settlement Class"):

> All persons or entities, (but excluding all governmental entities, Defendants, their co-conspirators, and their respective subsidiaries or affiliates, and any person or entity that timely and validly elects to be excluded from the Settlement Class) residing in a Settling Jurisdiction who indirectly purchased Vitamin C Products for use or consumption and not for resale from within one or more Settling Jurisdictions at any time from December 1, 2001 to June 30, 2006.

"Vitamin C Products" means capsules or tablets containing Vitamin C used for pharmacological purposes. "Settling Jurisdictions" means California, New York, Arizona, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

5. The Court finds that the certification of the Indirect Purchaser Damages

Settlement Class is warranted in light of the Indirect Purchaser Damages Settlement Agreement because (a) the Indirect Purchaser Damages Settlement Class is so numerous that joinder is impracticable; (b) Indirect Purchaser Plaintiffs' claims present common issues and are typical of the Indirect Purchaser Damages Settlement Class; (c) Indirect Purchaser Plaintiffs and Indirect Purchaser Class Counsel (defined below) will fairly and adequately represent the Indirect Purchaser Damages Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Indirect Purchaser Damages Settlement Class. The Court further finds that Indirect Purchaser Plaintiffs' interests are aligned with the interests of all other members of the Indirect Purchaser Damages Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

6. The Court hereby appoints Saveri & Saveri, Inc.; Gustafson Gluek PLLC; and Straus & Boies, LLP, as Indirect Purchaser Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. Indirect Purchaser Plaintiffs Dennis Audette, Linda Philion, Melanie Farley, Andrea Gialanella, Chris Gialanella, Richard Keane, Karen Haines, Gerard Shannon, Mark Schamel, Viviane Melo, Sandra Jeffreys, Dana Erichsen, Laurel Rose, Christine Poon, Linda Kohlenberg, Melissa Harris, Kaitlyn Johnson, Tausha Moeller, Lorene Culler, Dr. Carl Martin, D.V.M., Timothy Purdy, Ronald Kaufman, Jennifer Clark, Mark Kuchta, Kathleen Davis, Heather Rosene, Cory Rosene, Curt Badger, Follansbee Pharmacy, Diana Kitch, Stephanie Karol, and Christopher Murphy (collectively, "Indirect Purchaser Plaintiffs") will serve as Class Representatives on behalf of the Indirect Purchaser Damages Settlement Class.

### Notice to Potential Class Members

8. By separate Order, this Court will approve a notice plan for purposes of advising class members, among other things, of their right to object to the Settlement Agreements, their right to exclude themselves from the Certified Classes or the Indirect Purchaser Damages Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

### Settlement Administration

9. To effectuate the Settlement Agreements and the Notice provisions, the Court hereby approves Rust Consulting as the Administrator of the Settlements, to be responsible for: (a) establishing a P.O. Box and website (to be included in the notice to class members) for the purpose of communicating with class members; (b) disseminating notice to the classes; and (c) accepting and maintaining documents sent from the class members, including exclusion requests.

10. The Court approves Class Counsel's designation of Citibank, N.A. as Escrow Agent.

### Other Provisions

11. In the event that either settlement agreement is terminated in accordance with its provisions, that settlement agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in that settlement agreement, and without prejudice to the status quo ante rights of Plaintiffs, Aland, and the members of the classes.

12. The Court's certification of the Indirect Purchaser Damages Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in the indirect purchaser consolidated actions. The

Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify the indirect purchaser class in these actions and no party may cite or refer to the Court's approval of the Indirect Purchaser Damages Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

13.     This order is without prejudice to the non-settling defendants' seeking relief from the Court and an opportunity for briefing to the extent that this settlement attempts to deprive such defendants of information to which they otherwise would be entitled under the Federal Rules.

**SO ORDERED.**

s/ BMC
_____
U.S.D.J.

Dated: Brooklyn, New York
       June 13, 2012