UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
IN RE VITAMIN C ANTITRUST LITIGATION :
: 06-MD-1738 (BMC) (JO)
------------------------------------------------------------- :
:
This document relates to: :
:
ANIMAL SCIENCE PRODUCTS, INC., et al., : **MEMORANDUM**
: **DECISION AND ORDER**
Plaintiffs, :
: 05-CV-0453
v. :
:
HEBEI WELCOME PHARMACEUTICAL CO. :
LTD., et al., :
:
Defendants. :
------------------------------------------------------------- X

**COGAN,** District Judge.

Familiarity with the facts and procedural history of this complex antitrust class action is presumed. Defendant China Pharmaceutical Group Ltd. ("CPG") has moved for a determination of foreign law and judgment on the pleadings or, in the alternative, for summary judgment. For the reasons set forth below, CPG's motion is denied as untimely.

## DISCUSSION

CPG is a holding company organized under the laws of Hong Kong. Another defendant, Weisheng Pharmaceutical Co. Ltd. ("Weisheng"), is a Chinese corporation and is CPG's wholly-owned subsidiary. Weisheng is a vitamin C manufacturer that allegedly participated in the conspiracy to fix prices that is at the core of this litigation. Plaintiffs allege that CPG "owns, controls, and dominates" Weisheng. In order to establish CPG's liability, plaintiffs seek to

"pierce the corporate veil" of Weisheng in order to reach CPG under either "alter ego" or "agency" theories recognized by U.S. law.

CPG argues that "veil piercing analysis is governed by the law of the place of incorporation." Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 430 (S.D.N.Y. 2010). See also In re Digital Music Antitrust Litig., 812 F. Supp. 2d 390, 418 (S.D.N.Y. 2011) (applying the law of the states of incorporation to veil-piercing in an antitrust case); Panam Mgmt. Grp., Inc. v. Pena, No. 08-CV-2258, 2011 WL 3423338, at *3 (E.D.N.Y. Aug. 4, 2011) (applying Panamanian law of veil-piercing in a diversity case). Since Weisheng is a Chinese corporation, CPG argues that for plaintiffs to pierce its veil, they must plead facts sufficient to support the elements of veil-piercing under Chinese law. Relying on the expert report of Fu Jun, an attorney and professor at the University of International Business and Economics Law School in Beijing, CPG contends that plaintiffs have not plead sufficient facts to support a claim for veil-piercing under Chinese law and, alternatively, that there are no facts in the record to support a veil-piercing claim. Although plaintiffs challenge CPG's arguments on their merits, they devote a substantial portion of their briefing on this motion to arguing that CPG's motion is untimely. The Court agrees with plaintiffs.

Over four and a half years ago, on June 30, 2008, CPG filed its first dispositive motion, asking the Court to dismiss plaintiffs' claims against it for lack of personal jurisdiction. While that motion was pending Magistrate Judge Orenstein approved a proposed scheduling order which set August 31, 2009 as the deadline for "[d]ispositive motion papers to be served (liability only)." On that date, three and a half years ago, CPG filed a motion for summary judgment, arguing that, in the event that the Court found that it has personal jurisdiction over CPG, the

action should nonetheless be dismissed because plaintiffs had not adduced any evidence that CPG participated in the alleged conspiracy.

While both motions were pending, the parties submitted another proposed schedule to the Court in February 2012. Defendants proposed a deadline of September 14, 2012 for dispositive motions. Plaintiffs opposed this request "on grounds that dispositive motions were submitted years ago and no good reason exists to entertain another round of dispositive motions." The Court also expressed skepticism concerning defendants' request for a second dispositive motion deadline, writing, "[t]he time for filing dispositive motions on liability was previously set and has passed." The Court nonetheless asked defendants to explain their proposed dispositive motions. Defendants replied, stating that "no dispositive motions have yet been filed with regard to any non-liability issues" and that they "contemplate[d] dispositive motions to include issues of impact, causation and damages – the precise contours of which will necessarily have to be determined at the conclusion of expert discovery." The Court accepted defendants proposal and set a September 2012 deadline for the filing of "non-liability dispositive motions[.]"

Despite its arguments to the contrary, CPG's instant motion clearly pertains to liability, not merely "impact, causation and damages." Veil-piercing is a threshold consideration for determining whether CPG can bear liability for Weisheng's actions. See United States v. Bestfoods, 524 U.S. 51, 62, 118 S. Ct. 1876, 1885 (1998) ("the corporate veil may be pierced and the shareholder held *liable* for the corporation's conduct when . . .") (emphasis added). Consequently, CPG should have asserted the arguments it makes in this motion no later than August 31, 2009, the date by which CPG filed both of its prior dispositive motions.

Even though the Court's February 2012 scheduling order left "the precise contours" of the motions that could be filed in September 2012 undefined pending the conclusion of expert

3

discovery, it is clear that any dispositive motions based on expert discovery were to address "impact, causation and damages" only and not liability.[1] It is of no moment that CPG first consulted with Professor Fu Jun in the summer of 2012 and, presumably, only then perceived Chinese law as a possible impediment to plaintiffs' claims. Because the issue relates to liability, CPG should have made this inquiry years ago so as to comply with the August 31, 2009 deadline for dispositive motions on liability. The Court will not allow CPG to reopen motion practice on liability years after it closed merely because, through an expert, it thought of a better way to conceptualize its argument.[2]

Nor is there any merit to CPG's contention that it could not have made the arguments that form the basis of its motion before the August 31, 2009 deadline for dispositive motions on liability. CPG argues that plaintiffs did not assert their "alter-ego" or "agency" veil-piercing claims until October 16, 2009 – after the liability dispositive motion deadline – and even then did so only in response to CPG's summary judgment motion. CPG is wrong. First, every iteration of the complaint in this action – from the initial complaint filed over four years prior to the dispositive motion deadline, to the currently operative complaint filed over eight months prior to the dispositive motion deadline – alleges that CPG "owns, controls and dominates" Weisheng.

---

[1] CPG argues that since causation and impact are required elements for liability, restricting dispositive motions to "non-liability" matters would prevent it from even bringing a motion on "impact, causation and damages[.]" This argument is overly formulaic and would render the Court's limitation on dispositive motions to "non-liability" matters essentially toothless.

[2] The Court recognizes that it recently ruled on a summary judgment motion brought by CPG's co-defendant North China Pharmaceutical Group Corp. ("NCPGC") that was filed after CPG's motion and concerned liability. Unlike CPG, NCPGC obtained explicit permission from the Court to bring its motion after the August 31, 2009 deadline and NCPGC's motion was based on facts that only became available in 2012, after the liability dispositive motion deadline. CPG's motion, on the other hand, is based on no new facts and asserts legal arguments that could have – and should have – been asserted years ago.

4

Second, CPG anticipated plaintiffs' "alter-ego" and "agency" veil-piercing theories well before plaintiffs submitted their opposition to CPG's summary judgment motion. In its initial brief in support of its summary judgment motion, CPG stated:

> To the extent that Plaintiffs attempt to connect CPG to the alleged conspiracy by contending that CPG had "pervasive control" over Weisheng *or that Weisheng is CPG's alter ego or agent* . . . CPG has fully addressed those contentions in [its] prior Motion to Dismiss for Lack of Personal Jurisdiction . . . and there has been no new evidence produced in support of Plaintiffs' contentions since the fully briefed Motion to Dismiss was submitted.

(emphasis added). CPG's 2006 motion to dismiss, in turn, addressed whether plaintiffs sufficiently alleged facts to suggest that there was personal jurisdiction over CPG under New York law based on "mere department" and "agent" theories.

Thus, CPG had ample notice prior to the liability dispositive motion deadline that plaintiffs were asserting "alter-ego" and "agency" theories in order to pierce Weisheng's corporate veil and reach CPG. Yet at no time, until this motion, did CPG argue that veil piercing under Chinese law was not supported by either the pleadings or the evidence in this case. If CPG wanted to make that argument, the scheduling orders in this matter required it to do so no later than August 31, 2009. Accordingly, CPG's motion is untimely. See NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) ("The failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny the plaintiffs' motion for summary judgment.").

## CONCLUSION

CPG's motion for a determination of foreign law and judgment on the pleadings or, in the alternative, for summary judgment [531] is denied as untimely.

**SO ORDERED.**

s/ BMC
_____
U.S.D.J.

Dated: Brooklyn, New York
February 20, 2013